*Attorneys for Plaintiff*
*Hotel Investors, LLC*

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HOTEL INVESTORS, LLC, | |
| Plaintiff, | Civil Action No. _____ |
| v. | |
| MODULAR STEEL SYSTEMS, INC., | |
| Defendant. | |

## VERIFIED COMPLAINT

Plaintiff Hotel Investors, LLC ("Plaintiff"), by and through its counsel, files the within Verified Complaint against Defendant Modular Steel Systems, Inc. and alleges as follows:

## THE PARTIES

1. Plaintiff Hotel Investors, LLC, is a New Jersey limited liability company operating under the trade name "Homewood Suite," with a principal place of business at 13 Beohm Way, Hillsborough, New Jersey.

2. Defendant Modular Steel Systems, Inc. ("MSS" or "Defendant") is an organization with a principal place of business at 11 Edwards Drive, Bloomsburg, Pennsylvania.

## NATURE OF THE ACTION

3. This is an action seeking injunctive relief in the form of a temporary restraining order pending the private arbitration of Plaintiff's claims for conversion and unjust enrichment.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a). Complete diversity exists between the parties, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

5. This Court has personal jurisdiction over Defendant by virtue of the fact, inter alia, that Defendant provided services to the construction industry on a nationwide basis, including more particularly to Plaintiff, and resides and operates a business located within the Middle District of Pennsylvania and has systematic and continuous contacts within the Middle District of Pennsylvania.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c).

## FACTS COMMON TO ALL COUNTS

The Project and Agreement

7. Plaintiff was formed in 2013 for the express purpose of constructing a 107 room Homewood Suites Hilton Hotel located in Monroe Township, New Jersey (the "Project").

8. In furtherance of the Project, on or about December 11, 2014, Plaintiff entered into an agreement with MSS for the manufacture and delivery of 121 modular hotel units (the "Units"), which would be assembled at the parcel of real property purchased by Plaintiff at the corner of Abeel and Interchange Plaza, in Monroe, New Jersey (the "Project Site"). (See Certification of Vivek Mehta ("Mehta Cert."), which is attached hereto, including Exhibit A to said Certification, which is an Agreement Between Ownership and Manufacturer, dated December 11, 2014 (the "Agreement")).

9. Per the terms of the Agreement, Plaintiff was to pay MSS $3,446,422 for the manufacture, delivery and placement of the Units, subject to option adjustments, additions and deductions by signed change order as provided in the Agreement. (See Ex. A at 3.0).

10. The Agreement further required an initial payment in the amount of $1,200,000 with subsequent benchmark progress payments thereafter following the completion of sets of the Units. (See Ex. A at 4.2).

11. MSS was required to sign lien waivers on the Units as the subsequent benchmark progress payments were made. (See Ex. A at 4.2).

12. The parties agreed that title to the Units, and the furnishings and fixtures located therein, would remain with MSS until such time as ninety seven percent (97%) of the contract sum for each Unit was paid. (See Ex. A at 5.1). Thereafter, title would to the paid Units would pass to Plaintiff.

13. The Agreement also contained both mandatory mediation and arbitration provisions. (See Ex. A at 6.4). The mediation provision provided as follows:

> If at any time there is a claim or dispute arising out of relating to this Agreement, including the alleged breach, termination or validity thereof, the Parties will…engage in face-to-face negotiations in an attempt to resolve the dispute and shall, upon failing to negotiate a resolution, choose a mutually agreeable third party neutral, who shall mediate the dispute between the parties. […] If the Parties are unable to resolve the dispute in good faith within six (6) months of the date of the initial demand by either party for such fact finding, the dispute shall be finally determined by binding arbitration[.]

14. The provision establishing binding arbitration states, in relevant part:

> If a dispute develops between the parties to this contract, the parties will submit to binding arbitration to address any controversy or claim arising out of, or relating to this contract[.] The arbitration shall be conducted by and according to the rules

and procedures of (sic) Construction Industry Arbitration rules of the American Arbitration Association (AAA). (See Ex. A at 6.4.1).

15. The Agreement is silent regarding requests for injunctive relief.

16. The Agreement further contains numerous provisions regarding breaches thereof. Relevant here, the Agreement discussed termination of the Agreement by MSS following a purported breach by MSS and provided:

> In the event of termination by [MSS], [MSS] shall have the right to ... sell or otherwise dispose of any Unit which has been manufactured or complete manufacture of any Unit and resell or dispose of the Unit, and recover any loss on such resale, together with the costs thereof from [Plaintiff]. (See Ex. A at 6.2).

Unit Production

17. From the time the Agreement was executed, through May, 2015, MSS completed a total of 74 Units, at a cost of $2,054,836.54, which were paid for in full by Plaintiff. (See Mehta Cert. at Exhibit B, Modular Steel Systems, Inc. Units Built and in Production, dated December 15, 2015).

18. On September 9, 2015, MSS produced an invoice for an additional ten (10) Units that had been completed. At that time, MSS had an additional five (5) Units in production. Upon information and belief, these five Units were ultimately completed by MSS.

19. Due to subsequent delays of the benchmark progress payments to MSS by Plaintiff's lender, on January 15, 2016, counsel for MSS provided formal notice of default to Plaintiff. (See Mehta Cert. at Exhibit C, January 15, 2016 letter from Peter Terracciano, Esq.).

20. Despite Plaintiff's best efforts to remedy the purported defaults, MSS refused to engage in good faith negotiations to resolve the Parties' disputes.

21. Subsequent discussions with MSS, through its counsel, revealed that MSS had purportedly terminated the Agreement and has attempted to recoup its alleged losses by selling

all 89 Units manufactured by MSS, including the 74 Units which have been paid for in full, to a third-party. (See Certification of Brian B. McEvoy ("McEvoy Cert."), which is attached hereto, including Exhibit A to said Certification, which is a June 15, 2016 letter to Peter Terracciano, Esq.).

22. On June 15, 2016, Plaintiff made a formal demand to MSS to engage in the contractually required negotiations to resolved all disputes related to MSS's purported termination of the Agreement. (See McEvoy Cert. Ex. A).

23. MSS failed to respond to Plaintiff's demand within the ten day period specified by the Agreement.

24. The 74 Units which had been fully paid for became the property of Hotel Investors at the time full payment was tendered and their conversion has resulted in MSS's unjust enrichment.

25. Based upon information, belief and subsequent investigations by Plaintiff and Plaintiff's lender, Crown Bank, MSS has in fact contracted for the sale of all 89 Units and those Units are currently, or will soon be transported from MSS's manufacturing facility by the third-party purchaser, placing them beyond the reach of Plaintiff and any subsequent adjudication in the binding arbitration.

## FIRST COUNT
### Conversion

26. Plaintiff re-incorporates each and every allegation asserted in the foregoing paragraphs.

27. Plaintiff has title to and a property interest in the seventy four (74) Units which have been manufactured and paid for in full.

28. The provision of the Agreement which permitted MSS to sell Units already manufactured or to complete manufacture of any Unit and sell same is a damages provision which permits recovery by MSS for Units manufactured but not paid for and is inapplicable to the seventy four (74) Units already paid for in full by Plaintiff.

29. By selling these Units to a third-party purchaser MSS has deliberately misappropriated these Units without authority or consent.

30. MSS's actions constitute an unjustified and willful deprivation of, and interference with Plaintiff's property.

31. MSS has misappropriated and retained Plaintiff's property for its own benefit.

32. As a direct result of Defendant's wrongful and/or fraudulent conduct and conversion, Plaintiff has suffered and will continue to suffer damages.

## SECOND COUNT
### Unjust Enrichment

33. Plaintiff re-incorporates each and every allegation asserted in the foregoing paragraphs.

34. Plaintiff has tendered full payment to MSS for the seventy four (74) Units, which amounts have been retained by MSS.

35. MSS has wrongfully sold the paid-in-full Units to a third party, which Units properly belong to Plaintiff.

36. As a direct result of MSS's wrongful and/or fraudulent conduct, Plaintiff has suffered and will continue to suffer damages.

37. By their conduct, MSS has received a windfall and been unjustly enriched to the detriment of Plaintiff.

38. As a result of the unjust enrichment of MSS, Plaintiff has and will continue to suffer damages.

### PRAYER FOR RELIEF

WHEREFORE, Hotel Investors, LLC, respectfully requests that judgment be entered in their favor against Defendant as follows:

A. Temporarily enjoining MSS from selling, transferring, alienating, or exercising any further control over any assets, including the seventy (74) Units which have manufactured and paid for in full, pending the arbitration of any and all disputes relating to the Agreement, per the terms thereof;

B. For such other and further relief as the Court may deem just and equitable.

Respectfully submitted,

Date: June 29, 2016

SAMUEL E. COHEN, ESQ.
I.D. No. 204617
Gross McGinley, LLP
33 S. 7th St., P.O. Box 4060
Allentown, PA 18105-4060
610-820-5450
610-820-6006 (FAX)
scohen@grossmcginley.com

00869711.DOCX

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

_____
VIVEK MEHTA

Dated: June 28, 2016

2570886.1