**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **HOTEL INVESTORS, LLC,** | : | |
| **Plaintiff** | : | **CIVIL ACTION NO. 4:16-1337** |
| v. | : | **(JUDGE MANNION[1])** |
| **MODULAR STEEL SYSTEMS, INC.,** | : | |
| | : | |
| **Defendant** | : | |
| | : | |

**MEMORANDUM**

Pending before the court is the "Plaintiff's Emergency[2] Motion for Temporary Restraints", in which the plaintiff seeks to have the court enjoin the defendant from selling, transferring, alienating, or exercising any control over any assets which relate the Agreement between the parties concerning the

---

[1]The court notes that the above action is assigned to the Honorable Matthew W. Brann. However, because Judge Brann was unavailable to review the plaintiff's emergency motion today, the motion was referred to the undersigned. The undersigned's review of the matter is limited solely to the motion for emergency relief.

[2]Court documents establish that the defendant formally notified the plaintiff of its default on the terms of the parties' Agreement on January 15, 2016. To this extent, among other things, counsel notified the plaintiff that it was indebted to the defendant in the amount of $580,863.00 for modular Units completed under the Agreement. The plaintiff was notified if it failed to cure its default within twenty (20) days, the defendant would terminate its Agreement and pursue all rights under the Agreement, <u>including the sale of the Units to recapture its losses</u>. (Doc. 1, Ex. A) (emphasis added). Despite having this knowledge, the plaintiff did not file the instant action and motion for "emergency" relief to stop the sale of the Units until June 30, 2016, over five months later.

manufacture and delivery of 107 modular hotel units, including 74 Units which have been paid in full by the plaintiff, pending resolution of an arbitration relating to disputes arising from the Agreement. (Doc. 2). Based upon the court's review of the plaintiff's motion and accompanying brief, the motion will be denied.

In its motion, the plaintiff provides that it was formed in 2013 for the express purpose of constructing a 107 room Homewood Suites Hilton Hotel. On or about December 11, 2014, in order to complete its project, the plaintiff entered into a written agreement, ("Agreement"), with the defendant for the manufacture and delivery of 107 modular hotel units. As per the Agreement, the plaintiff paid for 74 Units constructed by the defendant and the plaintiff claims rights, title and interest in those 74 Units.

On or about January 15, 2016, a dispute arose between the parties concerning a breach of the Agreement by the plaintiff. By the terms of the Agreement, the plaintiff argues that the dispute must be submitted to mandatory mediation and arbitration. Despite being fully aware of the dispute and the terms of the Agreement relating to mediation and arbitration, the plaintiff presents that the defendant is attempting to sell 89 Units that it has manufactured to a third party, including the 74 Units which the plaintiff has paid for in full.

By way of the instant motion for emergency relief, the plaintiff now seeks to have the court enjoin the defendant from attempting to sell, transfer,

alienate, or exercise any control over any assets which relate to the Agreement between the parties concerning the manufacture and delivery of 107 modular hotel units, including the 74 Units which have allegedly been paid in full by the plaintiff, pending the resolution of an arbitration relating to disputes arising from the Agreement.

Federal Rule of Civil Procedure 65 governs the granting of injunctive relief such as temporary restraining orders and preliminary injunctions. Injunctive relief is not granted as a matter of right. Kerschner v. Mazurkewicz, 670 F.2d 440, 443 (3d Cir. 1982). It is well-established that injunctive relief is extraordinary in nature and should issue only in limited circumstances. See American Tel. and Tel. Co. v. Winback and Conserve Program, Inc., 42 F.3d 1421, 1426–27 (3d Cir. 1994), *cert. denied*, 514 U.S. 1103 (1995). Such relief should not be granted unless the movant, by a clear showing, carries the burden of persuasion. Mazurek v. Armstrong, 520 U.S. 968, 972 (1997). See also Adams v. Freedom Forge Corp., 204 F.3d 475, 486 (3d Cir. 2000) (moving party bears the burden of establishing the factors for injunctive relief). The Third Circuit has indicated that "[u]pon an application for a preliminary injunction to doubt is to deny." Madison Square Garden Corp. v. Braddock, 90 F.2d 924, 927 (3d Cir. 1937). Whether injunctive relief is granted is at the sound discretion of the court. Orson, Inc. v. Miramax Film Corp., 836 F.Supp. 309, 311 (E.D.Pa.1993).

The United States Court of Appeals for the Third Circuit has outlined

four factors that a court ruling on a request for injunctive relief must consider: (1) whether the movant has shown a reasonable probability of success on the merits; (2) whether the movant will be irreparably injured by denial of the relief; (3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and (4) whether granting the preliminary relief will be in the public interest. Crissman v. Dover Downs Entertainment Inc., 239 F.3d 357, 364 (3d Cir. 2001). These same factors are used to determine a motion for a temporary restraining order. Bieros v. Nicola, 857 F.Supp. 445, 446 (E.D.Pa.1994). The moving party bears the burden of establishing each of the four elements. Adams v. Freedom Forge Corp., 204 F.3d 475, 486 (3d Cir. 2000). As a practical matter, likelihood of success on the merits and irreparable injury are the most important factors. See Am. Tel. & Tel. Co. v. Winback and Conserve Program, Inc., 42 F.3d 1421, 1427 & n.8 (3d Cir. 1994).

    To establish a reasonable probability of success on the merits, the moving party must produce sufficient evidence to satisfy the essential elements of the underlying cause of action. See Punnett v. Carter, 621 F.2d 578, 582–83 (3d Cir. 1980); McCahon v. Pa. Tpk. Comm'n, 491 F.Supp.2d 522, 527 (M.D.Pa. 2007). In determining whether success is likely, the court must look to the legal principles controlling the claim and the potential defenses available to the opposing party. See BP Chems. Ltd. v. Formosa Chem. & Fibre Corp., 229 F.3d 254, 264 (3d Cir. 2000).

Here, the plaintiff argues that its likelihood of success on the merits is high. To this extent, the plaintiff argues that to prevail on its claim for conversion, it need only show that it was the owner of the relevant Units and that the defendant deprived the plaintiff of or otherwise interfered with that property interest, without consent or lawful justification. Westport Ins. Corp. v. Hanft & Knight, P.C., 523 F.Supp.2d 444, 459 (M.D.Pa. 2007) (citing Universal Premium Acceptance Corp. v. York Bank & Trust Co., 69 F.3d 695, 704 (3d Cir. 1995)). The plaintiff argues that the defendant has proffered no legitimate rationale for selling the Units to which it lacks title, but only seeks to circumvent the dispute resolution procedures to which it agreed.

Similarly, as to the unjust enrichment claim, the plaintiff argues that it must "show that the party against whom recovery is sought either wrongfully secured or passively received a benefit that would be unconscionable for the party to retain without compensating the provider." Bair v. Purcell, 500 F.Supp.2d 468, 499 (M.D.Pa. 2007) (quoting Hershey Foods Corp. v. Ralph Chapek, Inc., 828 F.2d 989, 999 (3d Cir. 1987). The plaintiff argues that it would clearly be unconscionable for the defendant to retain the benefit of a second sale of the relevant Units, worth in excess of two million dollars, without returning the balance of those funds, adjusted for any actual damages resulting from the purported breach of the Agreement, to the plaintiff.

Although not a certainty, at this juncture, the court will assume, based upon the plaintiff's submissions that it has shown a reasonable likelihood of

success on the merits of its claims. Despite this, however, the court finds that the plaintiff has not demonstrated irreparable injury. Irreparable injury is "potential harm which cannot be redressed by a legal or equitable remedy following a trial." Instant Air Freight Co. v. C.F. Air Freight, Inc., 882 F.2d 797, 801 (3d Cir. 1989). A court may not grant preliminary injunctive relief unless "[t]he preliminary injunction [is] the only way of protecting the plaintiff from harm." Id. Speculative injury does not constitute a showing of irreparable harm. Continental Group, Inc. v. Amoco Chemicals Corp., 614 F.2d 351, 359 (3d Cir. 1980); see also Public Serv. Co. of N.H. v. Town of West Newbury, 835 F.2d 380, 383 (1st Cir. 1987). "The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." Instant Air Freight, 882 F.2d at 801 (quoting Sampson v. Murray, 415 U.S. 61 (1964)).

    As to this factor, the plaintiff argues that it faces irreparable injury because "upon information and belief" the defendant is selling the Units which are crucial to the viability of the project and the loss of which would deprive the plaintiff of the very business opportunity for which it was organized. Initially, the plaintiff's "belief" that the defendant is selling or has sold the Units is speculative at best and not warranting injunctive relief. Moreover, the plaintiff argues that it is "unable to determine the financial health, stability or longevity of [the defendant] and faces unknown risk in attempting to recoup

the value of the Units at some indefinite point in the future". However, this again is speculation. There is no indication that compensatory damages or other corrective relief would not be available to the plaintiff should the plaintiff be able to establish its claims. As such, the plaintiff has failed to sufficiently establish irreparable injury such that it is not entitled to injunctive relief.

As the plaintiff has failed to establish that it will suffer irreparable injury should an injunction not issue, the court need not examine the remaining factors, as the test for injunctive relief is conjunctive.

On the basis of the foregoing, an appropriate order shall issue.


s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date:  July 1, 2016**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2016 MEMORANDA\16-1337-01.wpd